UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID EUCLIDES DELGADO MARIN,

                  Petitioner,

                  v.

LaDeon FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; KRISTI NOEM in her official capacity as Secretary of Homeland Security; PAM BONDI, in her official capacity as Attorney General,

                  Respondents.

26-CV-737

ORDER

---

RONNIE ABRAMS, United States District Judge:

        On January 28, 2026, Petitioner David Delgado-Marin, a Venezuelan national who entered the United States in September 2023, was re-detained by U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 1 ("Pet.") ¶ 1; Dkt. No. 6 ("Gov. Resp."), Ex. 2 ("Notice to Appear"); Ex. 1 ("Arrest Warrant"). Shortly after his initial detention at the border in 2023, Mr. Delgado-Marin was released into the country on his own recognizance. Pet. ¶ 9; Gov. Resp. at 1. The Government has not asserted that Mr. Delgado-Marin, a twenty-year old high school student, Pet. ¶¶ 1; 8, violated any conditions of his release. Upon reporting for a master calendar hearing at 26 Federal Plaza on January 28, 2026, however, he was detained by ICE. Pet. ¶ 11. He is now detained at the Delaney Hall Detention Facility in Newark, New Jersey. Gov. Resp. at 1. On January 28, 2026, he filed a petition for a writ of habeas corpus seeking immediate release from custody. On February 3, 2026, the Government filed its response, acknowledging that this Court's decision in *Rivera Esperanza v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) is "materially indistinguishable" from this case and "control[s] the result" for Mr. Delgado-Marin. *See* Gov. Resp. at 3.

The Court agrees. The circumstances of Mr. Delgado-Marin's detention are materially indistinguishable from those considered by this Court in *Rivera Esperanza*. In that case, the Court concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended. *Rivera Esperanza*, 2025 WL 3513983, at *2–6. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section 1226, it violated his right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)).

The Court reaches the same conclusions here: Mr. Delgado-Marin's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza*, the Court thus grants the Petition and orders Mr. Delgado-Marin's release from custody within 24 hours of the date of this Order.

Mr. Delgado-Marin also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Pet. at 13. He may submit an application for fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within thirty days of final judgment in this action.

For the reasons stated above, Mr. Delgado-Marin's Petition is granted. The Government is ordered to transport Mr. Delgado-Marin back to the Southern District of New York within 24 hours of the date of this Order, and immediately upon effectuating his transfer, release him from custody. It shall further certify compliance with the Court's order by promptly filing it on the docket. The

hearing scheduled for February 5, 2026 is adjourned. The Clerk of Court is hereby respectfully directed to terminate this case and any pending motions.

SO ORDERED.

Dated:    February 4, 2026
              New York, New York

_____
Ronnie Abrams
United States District Judge